Dear Superintendent Picard:
In your capacity as the state superintendent of education, you have requested the opinion from this office regarding whether the Recovery School District (RSD) has the discretion or is required to maintain insurance on buildings and their contents now within RSD's jurisdiction. If the RSD is either authorized or required to procure insurance on such property, you further ask whether such insurance should be provided by the office of Risk Management (ORM).
Pursuant to La. R.S. 17:10.5 and 10.7, the RSD maintains jurisdiction over all districts in Louisiana in academic crisis. La. R.S. 17:1990(B)(4) grants the following rights and obligations to the RSD over property within its jurisdiction:
 (a) The school district shall have the right to use any school building and all facilities and property otherwise part of the school and recognized as part of the facilities or assets of the school prior to its placement in the school district and shall have access to such additional facilities as are typically available to the school, its students, and faculty and staff prior to its placement in the school district. Such use shall be unrestricted, except that the school district shall be responsible for and obligated to provide for routine maintenance and repair such that the facilities and property are maintained in as good an order as when the right of use — was acquired by the district. There shall be no requirement for the district to provide for the type of extensive repair to buildings or facilities that would be considered to be a capital expense. *Page 2 
 (b)(i) In the case of the transfer of schools pursuant to R.S. 17:10.7, the school district may, at the discretion of the administering agency and notwithstanding the provisions of Subparagraph (a) of this Paragraph, acquire with the transfer of the schools all the rights and responsibilities of ownership regarding all land, buildings, facilities, and other property that is part of the school being transferred, except that the school district may not transfer the ownership of the land or usable buildings constructed on the land to another [. . .]
[emphasis provided.]
The RSD thus is statutorily required to assume all rights and obligations of ownership of the property placed under its control, except the authority to transfer ownership of land or buildings thereon. The rights and obligations of ownership include the right or obligation to procure insurance on buildings and their contents. Since the RSD is vested with the rights and obligations of ownership by law, it is the opinion of this office that the RSD has the right and/or the obligation to insure the buildings and their contents.
You state in your request that the RSD's statutory rights and obligations toward the land and buildings closely resemble those of a usufruct under Louisiana law. Additionally, the RSD also has the statutory responsibility to manage and repair the property. According to La. C.C. art. 539, a usufruct over nonconsumables includes the right to possess, retain fruits, and the obligation to preserve the thing. Perseveration must be carried out in the standard of a prudent administrator. The duties of a prudent administrator include the obligation to insure against loss or casualty. Civil Law Treatise on Personal Servitudes, A.N. Yiannopoulous, Personal Servitudes vol. 3, § 127 (4th Ed. West 2006). Thus, your request seems to suggest that even if the RSD is not the owner of the lands and buildings placed under its control, its obligations to manage and repair the property prudently would include the obligation to procure insurance. However, in light of our above analysis that RSD has the right and obligation to insure the property placed under its control, your observation concerning the usufruct-like nature of RSD's role does not change our conclusion, but merely supports it.
According to La. R.S. 39:1535, it is the responsibility of the ORM to "manage all state insurance covering property and liability exposure, through commercial underwriters or by self-insuring." To the extent that the buildings are placed in the possession of the RSD (a unit of a state agency) by operation of law and with the obligations of ownership and/or usufruct, the property under the RSD's jurisdiction can be considered to be owned by the state for purposes of insurability. The RSD's relationship to the property is tantamount to state ownership and as a result could be insured by the state. We understand from our review of ORM's rules and guidelines that ORM insures non-state *Page 3 
owned property that the state leases from the owner. The state's interest in insuring property mandatorily placed under RSD's control by statute would appear to be as strong as, if not stronger than, its interest in insuring non-state owned property leased by the state.
Although the Louisiana Constitution art. VIII § 14 generally prohibits the donation of state owned things, the purchasing of insurance of RSD's property may fall within the exception as a fund donated for a public purpose to meet a obligation provided by law. The obligation to procure insurance arises from the obligations of ownership and/or usufruct placed on the RSD, and the public purpose stems from the state's interest in insuring a state agency from liability and loss. Therefore, any insurance coverage extended by ORM to RSD on the buildings and their contents would not be prohibited by the Louisiana Constitution.
We hope that this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_______________________ UMA M. SUBRAMANIAN Assistant Attorney General
CCF, Jr.:UMS